

**FILED**

DEC 2 1 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

By_____ Deputy

# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

BARBARA WALLACE,                )
                                )
            Plaintiff,          )          A04-256 CV (JWS)
                                )
    vs.                         )          <u>ORDER FROM CHAMBERS</u>
                                )
VALDEZ AMERICAN FEDERATION      )          [Re:   Motion at Docket 33]
OF TEACHERS, APEA/AFT, AFL-CIO, )
                                )
            Defendant.          )
_____)

## I.  MOTION PRESENTED

At docket 33, plaintiff Barbara Wallace ("Wallace") moves for an award of attorneys' fees pursuant to 42 U.S.C. § 1988.  The motion is opposed by defendant Valdez Federation of Teachers APEA/AFT, AFL-CIO ("VAFT").  Wallace requested oral argument.  The request is denied, because oral argument would not be of material aid to the court.

## II.  BACKGROUND

On October 15, 2004, Wallace filed a complaint against VAFT.  Wallace sought several remedies as follows: (1) a declaration that VAFT's demands that Wallace pay agency fees equal to union dues was illegal, (2) a declaration that the court declare that VAFT's demand for payment of an agency fee without a proper "*Hudson*" notice[1] was

---

[1]A *Hudson* notice is a notice that complies with the Supreme Court's decision in *Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986).

*47*

illegal, (3) a declaration that VAFT's demand that Wallace authorize a payroll deduction of union dues/agency fees violates Alaska law, (4) an order enjoining VAFT's attempts to collect fees prior to compliance with the *Hudson* notice requirement, (5) an award of nominal damages, (6) an order requiring VAFT to repay all agency fees collected from plaintiff, and (7) an award of punitive damages, and (8) an award of Wallace's reasonable attorney's fees pursuant to 42 U.S.C. § 1988.[2] VAFT answered the complaint on December 7, 2004.[3] The answer sought no affirmative recovery from Wallace.

On December 9, 2004, VAFT belatedly complied with the *Hudson* notice requirement.[4] It also eventually became clear that, in fact, VAFT had not collected any agency fees from Wallace. The parties filed cross motions for summary judgment.[5] The court denied VAFT's motion and granted Wallace's motion in part.[6]

### III.  DISCUSSION

Wallace seeks a total award of $38,989.33. The lion's share of the request is comprised of compensation for the time spent by Wallace's principal counsel, W. James Young. According to Young's declaration and attached billing information,[7] he expended a total of 178.85 hours of time on the litigation, from which he has deducted several hours for the reasons explained in the briefing[8] for a net of 147.75 hours. He seeks compensation at the rate of $250 per hour. Thus, Wallace seeks $36,937.50 for

---

[2]Doc. 1.

[3]Doc. 5.

[4]Wallace did not challenge the adequacy of the notice (other than the fact that it was not timely). Doc. 21 at 6.

[5]VAFT's motion is at doc. 10; Wallace's motion is at doc. 13.

[6]*See* Preliminary Order at doc. 26 and Order from Chambers at doc. 28.

[7]Attached to doc. 33.

[8]Doc. 33 at pp. 4-5.

Young's time. Wallace seeks a total of $750 for three hours of time expended by her local Alaska counsel, Andrew Lambert. The remainder of her request consists of $1,301.83 in expenses including travel costs.[9]

As a review of the court's orders on the motions for summary judgment shows, Wallace obtained some, but not all of the relief sought in her complaint. Her first request for a declaration that it was illegal for VAFT to demand that she pay agency fees equal to full union dues was denied on the grounds that VAFT had not actually made such a demand. Her second request for a declaration that VAFT's demand for a payment of fees prior to provision of a proper *Hudson* notice was granted.[10] Her third request for a declaration that an authorization of agency fees is contrary to Alaska law was denied. Her fourth request for an order enjoining collection of agency fees prior to provision of a *Hudson* notice was rendered moot by provision of such a notice on December 9, 2004. Her fifth request for an order requiring repayment of fees collected was rendered moot by the fact that at the time of the court's decision, VAFT had yet to collect any fees from Wallace. Her sixth request for an award of nominal damages was granted. Her seventh request for an award of punitive damages was denied. Her final request for an award of expenses is, of course, the subject of the instant motion.

Although Wallace was only partially successful, VAFT concedes that she was a prevailing party for purposes of an award of costs under section 1988.[11] However, VAFT offers several reasons why the amount sought should be reduced. VAFT's first line of defense is based on an offer of judgment made pursuant to Rule 68 on December 17, 2004. Pursuant to that rule, VAFT seeks to avoid paying any costs Wallace incurred after the date of the offer. To succeed on this argument, VAFT's offer

---

[9]These expenses are in addition to the ordinary costs which were taxed by the Clerk in the amount of $360. Doc. 36.

[10]Frankly, the court did a poor job of incorporating an express statement of all the relief afforded Wallace in its judgment. *Compare* the bare bones judgment at docket 29 *with* the orders at dockets 10 and 13. Nevertheless, the parties are well aware of, and anyone who reads the case file would soon discern, the full extent of the relief Wallace obtained.

[11]Doc. 40 at p. 3.

must have been more favorable to Wallace than the judgment finally obtained. It was not. To begin with, VAFT did not offer to accept a declaration that it was illegal for VAFT to demand payment of agency fees in advance of a *Hudson* offer. This omission is significant, for inclusion of such an offer would have foreclosed further illegal solicitation of fees from teachers who were not union members. In terms of monetary benefit, the Rule 68 offer was worth at most $1,836.61–$386.61 in foregone 2004-2005 agency fees[12] and costs of $1,500. As Wallace points out, where there is an underlying statute allowing recovery of attorneys' fees, costs under Rule 68 include attorneys' fees.[13] By the time the offer was made on December 17, 2004, Wallace had already incurred attorneys' fees and costs substantially in excess of the $1,837 offer.[14] The Rule 68 argument fails.

Next, VAFT urges the court to reduce any recovery on the basis that Wallace's victory was merely "technical and *de minimis*." The court disagrees. Wallace succeeded in establishing that VAFT must comply with the Constitution of the United States by respecting the First Amendment right to free speech in accordance with the Supreme Court's decision in *Hudson*.[15] The court cannot understand how counsel for VAFT can assert that this is merely a technical or *de minimis* violation in the abstract. Moreover, when failure to comply with *Hudson* has been a persistent problem for school

---

[12]This is VAFT's figure which the court accepts *aguendo*. Wallace contends that this sum is not supported by evidence in the record.

[13]*Marek v.* Chesny, 473 U.S. 1, 9-10 (1985); Erdman *v. Cochise County, Ariz.*, 926 F.2d 877, 879-880 (9th Cir. 1991).

[14]Doc. 33, Ex. A, Declaration of W. James Young, and supporting exhibit 1. This remains true even after making appropriate reductions in fees requested as discussed further below in this order, and even without adding routine taxable costs of $360 which were taxed by the Clerk of Court.

[15]*Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986).

district employees in Alaska,[16] as counsel for VAFT well knows,[17] it is disingenuous to imply that the correct standard is so well known that Wallace's victory should be marginalized.

VAFT argues more generally that the degree of success achieved by Wallace was modest and that any award should be adjusted downward in light of the fact that much of the relief she sought was not obtained. It is appropriate to consider the degree of success when awarding fees pursuant to 42 U.S.C. § 1988.[18] Here, Wallace's litigation achieved some success. She obtained a declaration that VAFT had violated the law by seeking contributions in advance of giving the notice required by *Hudson*. While Wallace obtained no order directing VAFT to comply with *Hudson*, that is because many weeks after Wallace filed her lawsuit, VAFT distributed an unchallenged *Hudson* notice. Under these circumstances, Wallace deserves some credit for stimulating VAFT's belated compliance with the law. Finally, Wallace obtained an award of nominal damages. On the other hand, Wallace failed to obtain any punitive damages, and she lost her bid to have the court declare that there had been a violation of Alaska law. Other issues raised in her complaint were mooted by the fact that VAFT did not actually collect union dues or agency fees from Wallace for the 2004-05 school year, despite its request for payment.

The failure to obtain punitive damages is significant. But the success on issues relating to *Hudson*, especially in Alaska where there has been widespread failure among those in the education sector to comply is very important. Based on its assessment of the level of success achieved by Wallace, the court believes that a fair and reasonable award of attorneys' fees is 50 percent of the amount that would otherwise be properly awarded.

---

[16]*See* the discussion of earlier cases at pp. 8-13 of the Preliminary Order at doc. 26.

[17]VAFT's counsel has been appeared on behalf of defendants in most, if not all, of the prior cases.

[18]*Farrar v. Hobby*, 506 U.S. 103, 114-115.

VAFT does not directly challenge the $250 hourly rate used for Wallace's counsel. It is adequately supported by declarations in the record, and this court believes that $250/hr is reasonable. VAFT does argue that given Young's well-documented and demonstrated expertise, the number of hours expended in connection with the summary judgment motion practice is excessive. The court agrees. The issues raised in the motions are issues Young has considerable experience litigating. After various adjustments made by Young, the court agrees with VAFT that Wallace is seeking compensation for 103 hours of Young's time in connection with the summary judgment practice in this case. The court concludes that 80 hours (the equivalent of two 40-hour weeks) is fair and reasonable in view of Young's expertise. That reduction of 23 hours brings the total number of hours for which the court will award compensation for Young's work to 124.5 hours. At $250 per hour the product is $31,125. The court sees no basis for reducing the $750 claimed for the time of local counsel Lambert, so the total for attorneys' fees is $31,875. Of this, the court will award 50 percent for the reasons described above. That produces the sum of $15,937.50.

Remaining for consideration are the costs requested in the amount of $1,301.83. Of this sum, $630.30 is for round-trip airfare for Young from Washington, DC, to Anchorage, Alaska. The airfare was reasonably incurred and the amount incurred is reasonable. It will be allowed.

There is an additional airline charge for excess baggage in the amount of $25.00. This is unreasonable. Young should have been able to carry everything he needed in two suitcases, each within the domestic weight limit, plus his carry-on luggage. This charge will not be allowed.

Wallace seeks mileage for Young's trip from his home to the airport in Washington, DC, calculated to be $41.31, plus gratuities for the trip totaling $32. These charges totaling $73.31 are reasonable and will be awarded.

The remainder of the expenses are for a rental car in Anchorage, hotel accommodations in Anchorage, and beverages and meals in Anchorage while Young was here in connection with the oral argument. The dispute over these items has to do with the duration of Young's trip. Young departed Washington, DC, on a Saturday,

-6-

September 3, and departed Anchorage on Wednesday, September 7, following the
argument ,which was heard on Tuesday, September 6. The trip from the East Coast to
Alaska is lengthy. Young's scheduled departure was at 11:24 AM Eastern Time which
is 7:24 AM Alaska time. Young's scheduled arrival time was 5:24 PM on Saturday.
While the court agrees that Young would have needed a day to recuperate from such a
lengthy trip and a four-hour time change, one day, rather than two should would have
been sufficient. The court agrees with Young that it was reasonable for him to depart
from Anchorage on the morning of September 7, rather than attempting to make
connections on September 6 after the argument. In short, a reasonable duration for the
trip would have been three days, not the four actually spent or the one or two days
urged by VAFT. Of the $1,301.83 sought, $655.30 is composed of air fare and excess
baggage charges, and $73.31 relates to other charges independent of the duration of
the trip. That leaves a total of $573.22 for Young's subsistence on the trip. The court
will allow $429.92, which is 75% of the amount claimed, based on the finding that the
trip should have been three rather than four days in duration.

One further adjustment is appropriate. Young spent $194.03 for a rental car in
Anchorage, plus an additional $46.00 for gasoline for that vehicle. Young could have
made do with taxicabs, and he certainly did not need to spend $46.00 on gasoline to
travel from the airport to his hotel, to the courthouse and back. The total charge for the
rental car and gasoline was $200.03. The reduction based on the length of the trip has
effectively reduced that amount to $150.02. A further reduction of $50 is appropriate to
bring the actual expenditure in line with taxi fare for trips actually necessary for the
appearance in court. That reduces this group of expenses to $379.92.

In summary, the court finds that an award of reasonable expenses should be
comprised of $630.30 for the airfare, plus $73.31 for mileage and gratuities, plus
expenses in Anchorage of $379.92. The total to be awarded for expenses is $1,083.53.
That must be added to the total allowed for fees which is $15,937.50. Thus, the total to
be awarded under 42 U.S.C. § 1988 is $17,021.03.

-7-

## IV.  CONCLUSION

For the reasons set out above, the motion at docket 33 is **GRANTED** as follows: plaintiff Barbara Wallace shall recover the sum of $17,021.03 from defendant Valdez American Federation of Teachers, APEA/AFT, AFL-CIO, pursuant to 42 U.S.C. § 1988.

DATED at Anchorage, Alaska this 20th day of December 2005.

_____
JOHN W. SEDWICK
UNITED STATE DISTRICT JUDGE

A04-0256--CV (JWS)    12-21-05
--------------------------------------------
✓ B. OWENS (JERMAIN)
✓ R. PATTERSON

-8-